Curia, per

Frost, J.
The reception of the evidence, whieh is made the subject of the plaintiff’s first ground of appeal, was warranted by the proof, which gave color to the plaintiff’s charge of a concert between the parties to the note, to defeat the plaintiff’s recovery, by a transfer of all S. Price’s property to the defendant, and sending the note to the plaintiff to discharge the defendant. The principle on which the surety is discharged by an agreement between the creditor and the principal debtor, to extend the time for the performance of the contract, proves that the indulgence must be for a certain or definite period. The creditor can do no act to prejudice the surety, or to increase the risk of loss incurred by his contract. The *124 surety’s liability is increased by extending the time for the performance of the contract, provided it be for a certain time. Then, until the period of indulgence expires, the creditor is prevented from using those means, for seeming the performance of the contract, which, under it, he might pursue, and which circumstances might render necessary, and good faith to the surety require to be enforced. Nor in such case can the creditor, without a fraudulent evasion of his agreement, accept payment from the surety, and thereby transfer to him a right of action against the principal debtor. But if no term of indulgence be stipulated, the creditor may enforce the contract at his discretion. In Orme vs. Young, Holt N. P. C. 84, it is laid down, that the forbearance and giving of time, which will discharge the surety, must be “ an engagement which ties the hands of the creditor. It is not negatively refraining — (not merely) not exacting money at the time — but it is the act of the creditor, depriving himself of the power of suing, by something obligatory.”
The motion is refused.
Richardson, O’Neall, Evans, Butler and Ward-law, JJ. concurred.